Filed 4/14/25  P. v. Merrigan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101095 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F02354) |
| v. | |
| PATRICK MERRIGAN, | |
| Defendant and Appellant. | |

Defendant Patrick Merrigan appeals from his April 2024 resentencing for kidnapping with intent to commit robbery, carjacking, and robbery.  He argues the trial court abused its discretion in failing to dismiss all but one of his prior strike convictions.  He also contends the matter should be remanded for resentencing because the trial court's oral pronouncement of sentence differs from the abstract of judgment.  We will order the abstract of judgment corrected and affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In March 1994, the 69-year-old victim was putting on her seatbelt in her vehicle after shopping at a hardware store, when defendant forced his way into her car and turned the ignition on. Fearing she was being kidnapped, the victim turned the ignition off, and defendant struck the victim in the face. Defendant restarted the car. The victim tried to pull the keys out of the ignition, and defendant struck her in the face again. The victim honked the horn, and defendant jerked the victim's hand off the horn, breaking her hand. He backed the car out of the parking space. The victim grabbed the steering wheel and turned the car left, causing it to crash into a tree. Defendant took the victim's purse and fled. A hardware store employee captured and detained defendant. Investigating officers noted that the victim had abrasions and contusions to her face, including a blackened left eye.

A jury found defendant guilty of kidnapping with an intent to rob (Pen. Code, § 209, subd. (b); count one),[1] carjacking (§ 215; count two), and robbery (§ 211; count three). The jury further found defendant personally inflicted great bodily injury on the victim (§ 12022.7) and committed the offenses against a person 65 years of age or older (§ 667.9). In a bifurcated proceeding, the jury found defendant was convicted of residential burglary (§ 459) in September 1978 and August 1979, and robbery in December 1985 (§ 211). The jury also found defendant served two prior prison terms within the meaning of section 667.5, subdivision (b).

The trial court sentenced defendant to state prison for an indeterminate term of 27 years to life on count two, 25 years to life each on counts one and three (stayed under section 654), and a consecutive determinate term on count two of 22 years consisting of three years for personal infliction of great bodily injury, one year for an offense against

---

[1] Undesignated statutory references are to the Penal Code.

2

an elderly victim,[2] three five-year sentences for prior serious felony convictions (§ 667, subd. (a)), and two one-year sentences for prior prison terms (§ 667.5, subd. (b)).

The Secretary of the Department of Corrections and Rehabilitation subsequently notified the trial court that defendant was eligible for resentencing under section 1172.75. In April 2024, the trial court held a full resentencing hearing.

At the hearing, the prosecution asked the court to strike the two, one-year prior prison term enhancements and resentence defendant to 46 years to life in prison. In support of its argument against dismissing defendant's prior strikes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), the prosecution argued the facts of the current crime involved great violence and a vulnerable victim. The prosecution acknowledged that in the last decade defendant's rule violations in prison consisted of urine tests positive for drugs.

Defense counsel agreed with the prosecution that defendant fell within the spirit of the three strikes law in 1994 but said "a lot has changed since then." Defendant's many theft-related offenses were due to the heroin addiction defendant developed after he was discharged from the army in 1972. He lived with addiction until 2015 when he was incarcerated and "things took a turn for the better." Since 2015, he had been sober for 10 years and had not had any rule violations. Defendant had participated in 150 hours of Narcotics Anonymous courses provided by a veterans group. Defendant had also participated in an anger management class through the veterans' group and completed a

_____

[2] The minute order and abstract of judgment from the original sentence show a two-year term for the elderly victim enhancement. At the resentencing hearing, counsel for the parties agreed that the section 667.9 enhancement should have been one year and the trial court deferred. Section 667.9, subdivision (a) provides that "[a] person who commits one or more crimes . . . against a person who is 65 years of age or older . . . shall receive a one-year enhancement for each violation." Although the jury made a finding under section 667.9 for each crime, the trial court imposed the enhancement only for carjacking.

reentry program. Defendant's wife had arranged residential rehabilitation program for him if released.

Defense counsel asked the court to strike two of the prior strikes and sentence defendant to a determinative sentence of 24 or 29 years. Counsel characterized the 1978, 1979, and 1985 prior strikes as theft-related convictions that occurred in a period of "abhorrent behavior" for defendant that continued into the 1990's. That period had diminished during incarceration through defendant's rehabilitative efforts. Defense counsel argued that defendant now fell outside the spirit of the three strikes law. Counsel also asked the court to use its discretion under section 1385 to dismiss the enhancements.

The trial court asked for more detail about defendant's rehabilitative efforts. Defense counsel acknowledged that these efforts occurred "towards the older end of the spectrum" but argued they were effective as shown by the absence of rule violations, including for positive drug tests and inmate-manufactured alcohol. Defense counsel also suggested this change was due to maturity. Lastly, counsel pointed out that defendant was 71 years old and prison had affected his health dramatically. Defendant had COPD, pleuritic chest pains, hypertension, hepatitis B and C, cerebral vascular disease, and cataracts. He was in a wheelchair or walked with a cane. Any danger he posed to the community was completely diminished by his rehabilitative efforts and his debilitating chronic health issues.

In pronouncing sentence, the trial court detailed the underlying facts and circumstances of defendant's current crime, which the court found "problematic." In terms of his record, the court observed that last strike, the 1985 robbery conviction, was committed relatively close in time to the current crime in 1994, which defendant committed while he was on parole. In mitigation, the court noted that defendant was "now 73" and did not use a weapon in carjacking the victim. The court acknowledged that "there's a lot to take into consideration."

4

The trial court modified defendant's sentence for carjacking from 27 years to life to 25 years to life. The court explained that "[h]ad [defendant] completed more rehabilitation, this sentence might be different. But I do believe that the interest of justice does support modification of [the] sentence." Turning to the other counts, the court said: "So Count One, the kidnapping, that is stayed and will remain stayed as well as Count Two."[3]

Regarding the enhancements versus strikes, the trial court noted "it is a different analysis of whether [defendant] still, by clear and convincing evidence, poses a risk to public safety." The court concluded that defendant did not due to his age. The court stayed the great bodily injury and elderly victim enhancements, as well as the prison priors, and dismissed the five-year serious felony enhancements.

The resulting total sentence was 25 years to life in prison.

Defendant timely appealed.

## DISCUSSION

### I

### *Striking the Prior Strike*

Defendant claims in refusing to strike his prior strikes the trial court erred in two ways: (1) by not exercising informed discretion, in light of the court's comments at sentencing that defendant argues indicated the court did not know it had discretion to dismiss defendant's strikes; and (2) by considering that defendant's last strike in 1985 was relatively close in time to the current offense committed in 1994--a factor defendant argues is not relevant when the resentencing occurs 30 years later. We see no abuse of discretion.

---

[3] As we will discuss, the trial court misspoke when it referred to "Count Two" as stayed, which led to an error in the abstract of judgment.

The law in this area is well developed; a trial court must decide whether to strike a prior strike by considering factors that are intrinsic to the three strikes law's sentencing scheme. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) These factors include: (1) the nature and circumstances of the current conviction; (2) the nature and circumstances of the prior strike convictions; and (3) the defendant's "background, character, and prospects." (*Ibid.*) If the defendant falls outside the spirit of the three strikes law, the court may, in furtherance of justice, treat the defendant "as though he [or she] had not previously been convicted of one or more serious and/or violent felonies." (*Ibid.*; see also *Romero, supra,* 13 Cal.4th at pp. 529-530; § 1385, subd. (a).)

We review a trial court's denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) On review, the denial of a *Romero* motion is strongly presumed to be a proper exercise of discretion, and the court is presumed to have considered all relevant factors in the absence of an affirmative record to the contrary. (*Id.* at p. 378; *People v. Myers* (1999) 69 Cal.App.4th 305, 310.) In light of the presumption, the trial court abuses its discretion in failing to strike a prior conviction only in limited circumstances, such as "where the trial court was not 'aware of its discretion to dismiss' [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*Carmony,* at p. 378.) A defendant bears the burden of providing sufficient evidence to support his *Romero* motion. (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

Defendant argues the trial court "did not expressly grant or deny [defendant's] *Romero* motion, and the trial court's comments indicate that the court may not have understood the scope of its discretion." Defendant focuses on the court's comment: "On the three strikes law, the Court has the discretion to either take the upper term and times it by three, and this looks like what the sentencing judge did of 27 to life. But if the Court was to impose a midterm or low term, then it is no longer bound to the 27 years to life but then can choose the 25 to life instead."

6

Defendant's attempt to seize upon these remarks in isolation is unavailing. It is clear the trial court denied defendant's *Romero* request but determined to modify the sentence to reduce the original indeterminate sentence from 27 years to 25 years to life. The court was simply explaining how the three strikes law could be applied to do so.

To accept defendant's argument that the trial court did not know it had discretion to strike defendant's prior convictions would require us to ignore: (1) the parties' briefs stating that the trial court had discretion to strike defendant's prior convictions under *Romero*; (2) the court's statement at the outset of the hearing that it had read the briefs; (3) the prosecution's argument that the court should not exercise its discretion under *Romero*; and (4) defense counsel's argument that the court should exercise its discretion to dismiss two of defendant's prior convictions. We find it implausible that the court was unaware of the arguments of counsel.

Moreover, the trial court's remarks themselves establish that the court understood the scope of its discretion and exercised it. The court discussed factors relevant to whether defendant fell outside the three strikes scheme, including the nature and circumstances of the current crime and prior strike convictions and defendant's prospects given his advanced age and efforts at rehabilitation. The court detailed the "problematic" facts of the current crime and then identified defendant's prior convictions for burglary in 1978 and 1979 and robbery in 1985. The court observed that the 1985 conviction and the current conviction in 1994 were "relatively close in time," the remoteness of a prior conviction being a factor considered for striking the conviction. (*People v. Vasquez* (2021) 72 Cal.App.5th 374, 390 (*Vasquez*) ["a prior conviction may be stricken if it is remote in time"]; accord *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) Regarding defendant's prospects, the court said it might have dismissed defendant's prior convictions had he "completed more rehabilitation."

After declining to strike defendant's prior convictions, the trial court contrasted the legal standard governing that decision with its decision to stay or dismiss enhancements:

7

"I think it is a different analysis on whether [defendant] falls outside the scope of the three strikes law, I think [it is] a different analysis of whether he still, by clear and convincing evidence, poses a risk to public safety." The court proceeded to dismiss or stay all the enhancements based on defendant's age. In sum, after applying *Romero* factors, the trial court correctly contrasted the *Romero* standard with the standard under section 1385 to dismiss enhancements, to explain why it did not grant defendant's request to dismiss two of his prior convictions, while granting his request to stay or dismiss the enhancements. We find no abuse of discretion.

Next, defendant contends that the trial court's observation that the 1985 strike was relatively close in time to his current 1994 carjacking crime was "neither (1) supported by the record nor (2) a permissible factor to consider." We disagree.

On the first point, defendant argues it was not true the 1985 strike was relatively close in time to 1994, noting that section 1385 provides that a trial court in considering whether to dismiss an enhancement should afford great weight to the fact the enhancement "is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).) Defendant acknowledges that subdivision (c) of section 1385 does not apply to the three strikes law. (See *People v. Burke* (2023) 89 Cal.App.5th 237, 243-244; *People v. Dain* (2024) 99 Cal.App.5th 399, 410-411, review granted May 29, 2024, S283924.) Defendant omits, however, that the strike convictions courts have dismissed as remote were considerably older than nine years. (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1141 ["Avila's prior strikes were from 1990 and 1992, so they were 28 and 26 years old, respectively, when he committed the current offenses in 2018"]; *People v. Bishop* (1997) 56 Cal.App.4th 1245, 1248 [prior offenses deemed remote were 17 to 20 years old]; *In re Saldana* (1997) 57 Cal.App.4th 620, 624 [dismissal of burglary

conviction 16 years old].)  The trial court's observation that the 1985 and 1994 robberies were relatively close in time was not unreasonable.[4]

Defendant asserts that the trial court erred in considering the time between 1985 robbery and the current robbery offense in 1994, maintaining that the relevant consideration is that the 1985 strike conviction occurred almost 40 years ago.  Ignoring his 1994 robbery conviction, defendant declares "[t]here is nothing in the record to indicate that [defendant] has committed any offense in the last 40 years and much less a serious or violent felony."  In any event, we disagree that the time period between defendant's 1985 conviction and his resentencing in 2024 renders the 1985 conviction remote for purposes of *Romero*.  Defendant has been incarcerated in state prison since 1994, that is, for 30 of the 40 years.  A prior conviction is not considered remote when the defendant " 'was incarcerated a substantial part of the intervening time and thus had little or no opportunity to commit' additional crimes.'"  (*Vasquez, supra*, 72 Cal.App.5th at p. 390; accord *People v. Beasley, supra,* 81 Cal.App.5th at pp. 501-502.)

We conclude the trial court did not fail to exercise informed discretion or consider an impermissible factor in declining to dismiss defendant's prior convictions.

II

*Correcting the Abstract of Judgment*

The trial court resentenced defendant to 25 years to life on count two for carjacking:  "On the carjacking, the Court is going to modify the sentence from 27 years

---

[4] Without citing supporting authority, defendant states:  "Nor is it determinative that the trial judge found that [defendant] was still on parole when he committed the controlling offense because that was a separate factor."  To the contrary, it is "highly significant" that a defendant was still on parole at the time of the current offenses.  (*Vasquez, supra*, 72 Cal.App.5th at p. 390; see also *People v. Beasley* (2022) 81 Cal.App.5th 495, pp. 501-502 [defendant's third strike offense was not remote, because "he had been *in prison* for most of the past 23 years," and "[h]*e was still on parole* when he committed the instant offense"].)

to life 25 years to life." The court, however, immediately preceded this statement with the following: "So on Count One, the kidnapping, that is stayed and will remain stayed as well as Count Two." But, at the outset of the resentencing hearing, the trial court reviewed the original abstract of judgment, noting "Count One, violation of Penal Code section 209(b), kidnapping with the intent to commit robbery. That count was stayed. [¶] Count Two, a carjacking. [¶] And then on Count Three, 211, robbery in the second degree. That was likewise stayed."

Reviewing the trial court's statements as a whole, it is clear the court resentenced defendant to 25 years to life for carjacking and maintained the stay originally imposed on the sentences for kidnapping and robbery. But the abstract of judgment erroneously reflects the sentence on count 2 for carjacking as stayed and a sentence of 25 years to life in prison imposed on count three for second degree robbery.

Defendant asks us to remand the case to the trial court to clarify which counts were stayed and also to consider whether to grant *Romero* relief and consider any new post-conviction factors. This is unnecessary. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) An appellate court may order correction of an abstract of judgment that does not accurately reflect the oral judgment of a sentencing court. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Clark* (2021) 67 Cal.App.5th 248, 260-261.)

Accordingly, we will direct correction to the abstract of judgment to reflect that defendant is sentenced to 25 years to life on count two for carjacking and the sentences on counts one and three for kidnapping and robbery, respectively, remain stayed.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect the sentence imposed on count two, carjacking, is 25 years to life in prison and the sentences on count one for kidnapping with intent to commit robbery and

10

on count three for second degree robbery are stayed.  The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                     /s/

                                                   Duarte, J.


We concur:


  /s/

Hull, Acting P. J.


  /s/

Mauro, J.